UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30332
SUMMARY CALENDAR
_____

CARLOS ARBOLEDA

Plaintiff-Appellant,

V.

ELMWOOD MARINE SERVICES, INC., ET AL,

Defendants,

RIVER BARGE CLEANING, INC., A&A BARGE CLEANING,
ODYSSEY RE (LONDON) LTD., formerly known as Sphere Drake Insurance PLC;
DENNIS K. WELLS, NAPOLEON WHITE, LEO POWERS, RAYFIELD LEWIS, JR.,
RAYFIELD LEWIS, AARON WILLIAMS, FOSTER LEWIS, AARON ADAMS, IRVING
MORRIS, also known as Blue,

Defendants-
Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
98-CV-1268-C

_____

June 3, 2002

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

Plaintiff Carlos Arbodela, a contract welder employed through L'Homme, Inc. to work for

Elmwood Barge, was injured while climbing out of a hopper barge on April 27, 1995. Plaintiff

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

claims that an employee of River Barge Cleaning, Inc., removed a rope securing the ladder to the barge, thus causing Plaintiff to fall over twenty-two feet. Prior to trial, Elmwood was dismissed from the suit, without opposition, under the borrowed servant doctrine. Following a bench trial on the merits, the trial court found in favor of Defendants River Barge Cleaning, Inc. (River Barge), A&A Barge Cleaning (A&A), and Sphere Drake Limited (f/k/a Odyssey Re (London) Limited). Specifically, the court found that River Barge and A&A were borrowed servants of Elmwood, thus precluding Plaintiff from recovering from them.

Having reviewed the record and the briefs, we AFFIRM the district court's opinion dismissing Plaintiff's claims with prejudice, which is attached hereto as Appendix A.